UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

GARY HALL,                              :
                                        :
                Petitioner,             :
                                        :
        -against-                       :
                                        :
R.K. WOODS, Superintendent,             :
Upstate Correctional Facility,          :
                                        :
                Respondent.             :

-------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 12, 2012
```

07 Civ. 9264 (PAC) (LMS)

<u>ORDER ADOPTING R&R</u>

HONORABLE PAUL A. CROTTY, United States District Judge:

     Petitioner Gary Hall ("Hall"), <u>pro se</u>, seeks habeas corpus relief from his March 23, 2004 conviction, for of second degree murder (depraved indifference).  While an inmate at Sing Sing Correctional Facility in Ossining, Hall stabbed another inmate in the neck with a homemade knife, or "shank," causing the inmate to bleed to death.  Hall was tried before a jury in New York Supreme Court, Westchester County, and thereafter sentenced to twenty-five years to life.  On September 27, 2007, Hall filed a federal habeas petition, pursuant to 28 U.S.C. § 2254, in which he alleges four grounds for relief:  (1) the evidence was legally insufficient to support a conviction of depraved indifference murder; (2) the verdict was against the weight of the evidence; (3) ineffective assistance of counsel; and (4) defective grand jury proceedings.  (See Petition, Sept. 27, 2007 ("Pet."), Dkt. 1, at 7-8.)

     On October 24, 2007, former District Judge Stephen G. Robinson referred this case to Magistrate Judge Lisa Smith.  On April 29, 2011, Magistrate Judge Smith issued a Report and Recommendation ("R&R"), recommending denial of the Petition.  (Dkt. 14.)  Hall filed objections to the R&R on June 29, 2011.  (Dkt. 16.)  Hall also submitted a letter to the Court, dated June 13, 2011, requesting a stay of these proceedings because he is "currently in the

process of filing a motion pursuant to New York Criminal Procedure Law Section 440.10 ("440.10 motion") with the original trial court."[1]  Hall did not indicate what issues he intends to raise in his 440.10 motion, nor did he explain his failure to exhaust this state remedy. Respondent has not opposed the requested stay.

The Court has reviewed the R&R and Hall's objections.  For the reasons that follow, the Court denies Hall's request for a stay and adopts Magistrate Judge Smith's Report and Recommendation in its entirety.  Hall's petition is, therefore, denied.

## BACKGROUND[2]

### I.   Facts

On September 7, 2002, Hall stabbed Robert Brown, a fellow inmate at Sing Sing Correctional Facility, during an altercation between them.  Hall used a sharp object, or "shank," to cut Brown's jugular vein and carotid artery.  Brown bled to death.  Hall ran away, depositing his bloody sweatshirt in a garbage can.  A corrections officer later observed blood on Hall's pants and placed him in handcuffs.  The murder weapon and Hall's bloody sweatshirt were both recovered, and subsequent test results revealed that the blood found on those objects matched the victim's.  There was no doubt that Hall stabbed Brown.  Hall claimed on direct examination that he acted in self defense, but on cross he testified that the stabbing was accidental when he tried to disarm the victim.

### II.  Procedural History

On April 8, 2003, a Westchester grand jury indicted Hall for two counts of second degree murder (intentional and depraved indifference) and one count of first degree manslaughter.  Hall proceeded to trial before a jury on January 22, 2004.  The jury convicted

---

[1] To the extent that Hall raises additional objections to the R&R in his June 13 letter, the Court considers those objections in its decision.
[2] The facts are taken from the R&R, unless otherwise noted.

Hall of one count of second degree murder (depraved indifference).  On March 23, 2004, the trial court sentenced Hall to an indeterminate term of imprisonment of 25 years to life.

Hall appealed to the Second Department, arguing that: (1) the evidence was legally insufficient to establish depraved indifference murder; (2) his conviction was against the weight of the evidence; (3) counsel provided ineffective assistance; and (4) the district attorney failed to instruct the grand jury on the law with respect to depraved indifference murder.  On September 12, 2006, the Appellate Division affirmed Hall's conviction.  See People v. Hall, 820 N.Y.S.2d 526 (N.Y. App. Div. 2d Dep't 2006).  The court found that Hall failed to preserve his claim of insufficient evidence to prove depraved indifference murder because Hall's motions to dismiss during and after trial were "not 'specifically directed' to the depraved indifference charge."  Id. The court concluded that "[s]ince the defendant's guilt was proven beyond a reasonable doubt at trial, there can be no appellate review of the issue of whether a prima facie case had been presented to the grand jury."  Id.

On October 5, 2006, Hall sought leave to appeal to the New York Court of Appeals, but not on all issues raised before the Appellate Division.  Instead, Hall raised only two issues: (1) whether the issue of the legal sufficiency of the evidence was preserved at trial, and (2) whether the evidence at trial was legally insufficient to establish guilt of depraved indifference murder. On November 16, 2006, the New York Court of Appeals denied leave to appeal.  Hall did not seek reconsideration of the denial of leave.

On September 27, 2007, Hall filed his federal habeas corpus petition, and attached the table of contents from his brief to the Appellate Division.  The Court assumes that Hall seeks habeas review of those same arguments articulated on direct appeal.

### III. Magistrate Judge Smith's R&R

On, April 29, 2011, Magistrate Judge Smith issued her Report and Recommendation that this Court deny Hall's petition. Magistrate Judge Smith addressed each of Hall's claims and found that they were each procedurally barred. With respect to Hall's ineffective assistance of counsel claim, Magistrate Judge Smith also found the claim to be without merit.

### A. AEDPA and Exhaustion Requirements

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Prior to seeking federal habeas review, the petitioner must first exhaust available state remedies. See id. § 2254(b). A habeas petitioner exhausts his state remedies when he has: (1) "fairly presented" his federal constitutional claim to the state courts; and (2) after having been denied relief, utilized all available mechanisms to secure state appellate review of the denial of that claim. See Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981) (citations omitted), *overruled on other grounds*, Daye v. Attorney Gen. of the State of New York, 696 F.2d 186, 194 (2d Cir. 1982) (en banc). "A claim has been 'fairly presented' if the state courts are apprised of 'both the

4

factual and legal premises of the claim [a petitioner] asserts in federal court." Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997). A petitioner can satisfy this requirement by:

> (a) [relying] on pertinent federal cases employing constitutional analysis, (b) [relying] on state cases employing constitutional analysis in like fact situations, (c) [asserting] the claim in terms so particular as to call to mind a specific right protected by the Constitution, [or] (d) [alleging] a pattern of facts that is well within the mainstream of constitutional litigation.

Daye, 696 F.2d at 194. Exhaustion is not satisfied until a habeas petitioner appeals the conviction to the highest state court. See Klein, 667 F.2d at 282.

### B. Legal Sufficiency of the Evidence

Magistrate Judge Smith found that Hall failed to raise a federal claim for legal sufficiency of the evidence on direct appeal, and that his claim was therefore not fairly presented to the state court. Magistrate Judge Smith concluded that Hall did not cite any federal law, federal case, or Constitutional provision in his appellate brief that would alert the state court to the federal nature of his claim. (R&R 9.) Although Hall relied on state cases which employ the Supreme Court's analysis of insufficiency of the evidence, as set forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979), Magistrate Judge Smith found that those cases were distinguishable. (R&R 9.)

Moreover, even if the references to Jackson in the cases Hall cited were sufficient to alert the appellate court to the federal nature of Hall's claim, Magistrate Judge Smith found that Hall's habeas claim for insufficiency of the evidence was still procedurally barred. (R&R 9.)

A federal court may not review a claim in a habeas petition "when a state court declined to address a prisoner's federal claim because the prisoner had failed to meet a state procedural requirement." Coleman v. Thompson, 501 U.S. 722, 730 (1991). A

petitioner can overcome a procedural default upon showing "cause for the procedural default and prejudice attributable thereto," <u>Harris v. Reed</u>, 489 U.S. 255, 260 (1989), or "actual innocence," <u>Schlup v. Delo</u>, 513 U.S. 298 (1995).  Here, the Appellate Division ruled that Hall failed to preserve his insufficient evidence claim for appellate review because his "motion to dismiss was not specifically directed to the depraved indifference charge."  <u>Hall</u>, 820 N.Y.S.2d at 526 (internal quotation and citation omitted).  The court further held that "[t]o the extent the motion referred to [Hall's] earlier dismissal motion made at the close of the People's evidence, that too did not include the argument that the evidence was consistent only with intentional murder, as now argued on appeal."  <u>Id.</u> Accordingly, Magistrate Judge Smith concluded that this procedural default bars federal habeas review on Hall's sufficiency of the evidence claim.  (R&R 10.)

Magistrate Judge Smith further noted that Hall failed to show good cause for the procedural default or any resulting prejudice.  Moreover, Magistrate Judge Smith found that Hall does not assert actual innocence; rather, he contends that he is in fact guilty of intentional murder, and that the killing was justified.  (R&R 10-11.)  Courts have refused to exercise habeas jurisdiction where petitioners seek review of a depraved indifference murder conviction based on the assertion that the killing was intentional "in the interests of justice."  <u>See</u> <u>People v. Danielson</u>, 40 A.D.3d 174, 175, 832 N.Y.S.2d 546 (N.Y. App. Div. 1st Dept. 2007).  Accordingly, Magistrate Judge Smith found that Hall's claim for insufficiency of the evidence must be dismissed.

C.  <u>Ineffective Assistance of Counsel</u>

Magistrate Judge Smith also found that Hall was procedurally barred from asserting his claim of ineffective assistance of counsel, since he failed to appeal the claim to the New York

6

Court of Appeals.  (R&R 12.)  New York State permits only one request for review by the Court of Appeals per conviction.  See N.Y. Ct. Rules, Court of Appeals, § 500.10(a).  As Hall did not include his ineffective assistance claim in his brief to the Court of Appeals, Magistrate Judge Smith concluded that this Court cannot consider the claim on habeas review.  (R&R 12.)  See Klein, 667 F.2d at 282.

Magistrate Judge Smith also found Hall's claim of ineffective assistance of counsel to be without merit.  (Id.)  In order to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two requirements set forth in Strickland v. Washington, 446 U.S. 668, 686 (1984).  First, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness." Id. at 688.  Second, a petitioner must show that the deficient performance prejudiced the defense.  Id. at 692.

Hall argues that trial counsel filed a defective motion for dismissal because it failed to address with adequate specificity the evidence concerning the depraved indifference murder charge.  (R&R 14.)  Hall bases this argument on a change in New York law following his conviction.  At the time of Hall's trial, however, both defense counsel's strategy and Hall's conviction for depraved indifference murder were consistent with then-existing law. Consequently, Magistrate Judge Smith determined that trial counsel's arguments were based on the law as it stood at that time, and therefore did not render his representation ineffective.  (Id.)

Magistrate Judge Smith also found that in light of his inconsistent trial testimony, Hall failed to satisfy the prejudice prong of the Strickland analysis.  (R&R 15.)  During his direct examination, Hall testified that he killed the victim in self-defense.  (Id.)  During cross-examination, however, Hall testified that the killing was accidental.  (Id.)  Given this inconsistency, Magistrate Judge Smith determined that Hall could not show that he suffered any

prejudice as a result of counsel's actions.  (Id.)  Accordingly, Magistrate Judge Smith concluded

that Hall's claim of ineffective assistance of counsel should be dismissed.

    D.  Defect in Grand Jury Proceedings

    Magistrate Judge Smith found that Hall failed to raise his claim regarding insufficiency

of the evidence presented to the Grand Jury with the New York State Court of Appeals, and that

Hall's claim was therefore procedurally barred on federal habeas review.  (R&R 15.)  See Klein,

667 F.2d at 282.  Magistrate Judge Smith further noted that because Hall was convicted by a

petit jury at trial, his claims regarding the state Grant Jury proceedings are not cognizable on

federal habeas review. (Id.)  See Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989) (holding that

claimed defects in state grand jury proceedings are rendered harmless by conviction at trial and

are therefore "foreclosed in a collateral attack brought in a federal court").  Accordingly,

Magistrate Judge Smith recommended that the Court dismiss Hall's claim of defective grand jury

proceedings.

**IV.  Request for Stay**

    Before turning to Hall's objections to Judge Smith's R&R, the Court must first address

Hall's request to stay these proceedings while he exhausts post-conviction relief in the state court

on issues not raised in his petition.

    A.  Statute of Limitations and Stay

    AEDPA imposes a one-year statute of limitations period for bringing a habeas petition in

federal court.  See id. § 2244(d)(1).  This period typically begins to run on "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review."  Id.  Although the statute of limitations period is tolled for the time

"during which a properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim is pending," see id. § 2244(d)(2), the filing of a habeas petition in federal court does not toll the one-year limitations period.  See Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

A district court may not rule on a "mixed petition" containing exhausted and unexhausted claims; in such cases, a district court should dismiss the petition without prejudice and give state courts the opportunity to rule on the unexhausted claims.  See Rose v. Lundy, 455 U.S. 509, 518-20 (1982).  Since the AEDPA one-year limitations period can prevent a petitioner from returning to federal court for review of any of his claims, district courts have discretion to stay mixed habeas petitions and hold them in abeyance while a petitioner returns to state court to exhaust state remedies.  See Rhines v. Weber, 544 U.S. 269, 275-76 (2005).  A stay of a mixed petition should be granted "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines, 544 U.S. at 275-76.

Since Hall's petition currently contains only exhausted claims, the Court cannot treat his petition as "mixed" for purposes of considering a stay under Rhines.  Hall's request for a stay is therefore premature.  See Williams v. Sheahan, No. 11-cv-2435, 2011 WL 2437496, at *1 (E.D.N.Y. June 15, 2011) (denying motion for stay of habeas petition pending the filing of NYCPL § 440.10 motion as premature because petitioner had not raised the claims in his habeas petition and the petition was therefore not "mixed"); Bethea v. Walsh, No. 09-cv-5037, 2010 WL 2265207, at *1 (E.D.N.Y. June 2, 2010) (same).  In order to assert his new, untimely, unexhausted claim, Hall must move to amend his petition and satisfy the standard under Federal

Rule of Civil Procedure 15(c).[3]  See 28 U.S.C. § 2242; Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001).

       B.  Federal Rule of Civil Procedure 15(c)

       Where a habeas petitioner seeks to add new claims after the statute of limitations has expired, Rule 15(c) requires that the new claim "relates back" to the date of the original petition. See Mayle v. Felix, 545 U.S. 644, 655 (2005).  An amendment "relates back" when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed.R.Civ.P. 15(c)(1)(B).  In the habeas context, a proposed amendment arises out of the same "conduct, transaction, or occurrence" as an original petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes."  Mayle, 545 U.S. at 657 (internal quotation omitted).  New claims that merely stem from a petitioner's trial, conviction, or sentence do not satisfy Rule 15(c).  See id. at 656-57.

       Hall has not told the Court what issues he intends to raise in his NYCPL § 440.10 motion; he states only that it is "my belief that my collateral attack upon my conviction is meritorious and has a high probability of success."  (June 13 letter at 1.)  He notes elsewhere in his June 13 letter that, subsequent to his conviction, the New York Court of Appeals decided People v. Hill, 7 N.Y.3d 902 (2006), which "significantly altered the definition and standards for a conviction pursuant to New York Penal Law Section 125.25(2)."  (June 13 letter at 1.)  Hall asserts that the Court of Appeals failed to apply this new rule retroactively, and that doing so would invalidate his conviction.  (Id.)  As this Court must construe Hall's pro se habeas petition

---

[3] In the interest of efficiency, the Court will interpret Hall's June 13 letter as a combined request for leave to amend his petition.

liberally, see Haines v. Kemer, 404 U.S. 519, 520-21 (1972) (per curiam), the Court will assume

for purposes of its decision that Hall intends to raise this issue in his NYCPL § 440.10 motion.

Hall's new claim asserting that he was entitled to retroactive application of a new state

law redefining elements of the offense does not arise out of the same core facts that underly the

exhausted claims in his petition, namely, sufficiency of the evidence, ineffective assistance of

counsel, and defective grand jury proceedings.  Even though Hall's new claim challenges the

constitutionality of the same conviction, it is insufficient to unite Hall's new and old claims for

purposes of Rule 15(c).  See Mayle, 545 U.S. at 662 ("If claims asserted after the [AEDPA] one-

year period could be revived simply because they relate to the same trial, conviction, or sentence

as a timely filed claim, [the] limitation period would have slim significance."); Soler v. U.S.,

Nos. 10 Civ. 04342, 05 Cr. 00165, 2010 WL 5173858, at *4 (S.D.N.Y. Dec. 20, 2010) (affirming

order to deny amended habeas petition where new claim of actual innocence "asserts a new

ground for relief supported by facts that differ in both time and type from a claim of ineffective

assistance of counsel") (internal quotation omitted)).  Accordingly, Hall's new claim does not

relate back to the date of his original petition, and the Court will not excuse Hall's failure to

amend his petition before the one-year statute of limitations expired.[4]  Halls' request for a stay is

therefore denied.

## DISCUSSION

### I.  Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or

---

[4] Even if Hall's new claim did satisfy the test under Rule 15(c), Hall's request for leave to amend would still be inappropriate.  District courts retain discretion to deny leave to amend "in order to thwart tactics that are abusive, dilatory, unfairly prejudicial or otherwise abusive."  Littlejohn, 271 F.3d at 363 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Leave to amend would not be appropriate at this late stage in the proceedings—nearly four years after the AEDPA statute of limitations period has expired—and would result in undue delay and prejudice the state's interest in the finality of criminal judgments.

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When a timely

objection has been made to the recommendations of the magistrate judge, the court reviews the

contested issues <u>de novo</u>.  <u>Hynes v. Squillace</u>, 143 F.3d 653, 656 (2d Cir. 1998).  The Court,

however, "may adopt those portions of the Report to which no objections have been made and

which are not facially erroneous."  <u>La Torres v. Walker</u>, 216 F. Supp. 2d 157, 159 (S.D.N.Y.

2000).

### II.  Hall's Objections to Magistrate Judge Smith's R&R

Hall objects to Magistrate Judge Smith's conclusion that his conviction for depraved

indifference murder should stand.  (Objections at 5.)  He contends that Magistrate Judge Smith

failed to address that Hall cannot be guilty of both depraved indifference murder—which does

not include an element of intent to kill—and intentional murder due to the different statutory

<u>mens rea</u> requirements. (<u>Id.</u> at 3.)

Magistrate Judge Smith correctly determined that Hall's claim of insufficient evidence to

support his conviction for depraved indifference murder is procedurally barred because Hall did

not preserve this issue for appellate review.  (R&R 10 (citing <u>Hall</u>, 820 N.Y.S.2d at 526).  <u>See</u>

<u>Coleman v. Thompson</u>, 501 U.S. 722, 730 (1991) (district court lacks habeas jurisdiction "when

a state court declined to address a prisoner's federal claim because the prisoner had failed to

meet a state procedural requirement"); <u>Parker v. Ercole</u>, 666 F.3d 830, 834 (2d Cir. 2012)

(finding that petitioner "failed to preserve his claim that the evidence proving his guilt of

depraved-indifference murder was insufficient to support the jury's verdict" and declining

habeas review as "procedurally barred").  Accordingly, Hall's objection is without merit, and his

petition for habeas corpus is dismissed.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Smith's R&R in its entirety.

Hall's request for a stay is denied, and his petition for habeas corpus is dismissed. As petitioner

has not made a substantial showing of the denial of a constitutional right, a certificate of

appealability will not issue. 28 U.S.C. § 2253. The Clerk of Court is directed to enter judgment

and terminate this case.

Dated: New York, New York
　　　July **1**, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies mailed to:

Gary Hall, #98-A-0654
Clinton Correctional Facility
1156 Rte. 374
P.O. Box 2000
Dannemora, New York 12929-2000

John Sergi, ADA
Westchester County District Attorney's Office
111 Dr. Martin Luther King Jr. Blvd
White Plains, New York 10601